[Cite as *State v. Nigh*, 2016-Ohio-2857.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

      Plaintiff-Appellee,                     :                 No. 15AP-813
                                                 (C.P.C. No. 13CR-6211)

v.                                                     :

                                                 (REGULAR CALENDAR)

Ronald E. Nigh, Jr.,                                   :

      Defendant-Appellant.                    :

_____

D E C I S I O N

Rendered on May 5, 2016

_____

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Yeura R. Venters*, Public Defender, and *David L. Strait*, for appellant.

_____

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Ronald E. Nigh, Jr., defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas in which the court, upon remand from this court in *State v. Nigh*, 10th Dist. No. 14AP-866, 2015-Ohio-2421, ordered appellant to pay $13,348.21 in restitution.

{¶ 2} In May 2013, appellant's fiancée or girlfriend, Cathy St. Meyer, was in the hospital due to heart problems when appellant took her vehicle without her permission. Around the time appellant took the vehicle, St. Meyer stopped making payments on the loan. Appellant was subsequently involved in a high-speed chase with police while driving

St. Meyer's vehicle, resulting in a crash and damage to the vehicle. The lienholder paid $1,200 to remove the car from impoundment and sold it at auction for $2,000.

{¶ 3} In a September 26, 2014 judgment entry, the trial court found appellant guilty of theft, in violation of R.C. 2913.02, a fourth-degree felony; sentenced appellant to 18 months of incarceration, to be served consecutive to a term in a related attempted failure to appear on recognizance case; and ordered restitution of $7,100. Appellant appealed, and in *Nigh*, this court sustained appellant's first assignment of error finding that the hearing before the trial court did not provide the information necessary for the trial court to accurately ascertain the actual financial loss resulting from the theft and who sustained that loss. We remanded the matter to the trial court for a determination of an appropriate order of restitution.

{¶ 4} On remand, the trial court held a restitution hearing. On July 28, 2015, the trial court issued a judgment entry ordering restitution of $13,348.21 be paid to St. Meyer. This amount, $13,348.21, represents the sum that the lienholder testified to at the restitution hearing that St. Meyer owes the lienholder based on a civil judgment against her. Appellant appeals the judgment of the trial court, asserting the following assignment of error:

> The trial court erred by ordering restitution in an amount in excess of the economic loss sustained by the victim.

{¶ 5} In his sole assignment of error, appellant argues that the trial court erred when it ordered restitution in an amount in excess of the economic loss sustained by the victim. Appellant argues that the trial court ordered him to pay restitution to St. Meyer in the amount of $13,348.21, but the amount actually represents the amount of the obligation St. Meyer owes to the lienholder. Appellant asserts that the appropriate amount of restitution would be the amount to make St. Meyer whole, or the cost of repairs to the vehicle or the diminution in value of the vehicle resulting from appellant's conduct. Appellant contends that St. Meyer's default on the car loan is distinct from the amount of economic loss she sustained as a result of appellant's conduct.

{¶ 6} R.C. 2929.18(A)(1) permits a court to award restitution as part of a sentence to compensate the victim for economic loss, but the amount ordered cannot be greater than the amount of economic loss suffered as a direct and proximate result of the

commission of the offense. Here, the State of Ohio, plaintiff-appellee, concedes that the trial court erred in its award of restitution and could not base restitution on the amount of the judgment against St. Meyer. The amount of the judgment, the state agrees, does not reflect the amount of economic loss proximately caused by appellant's conduct because the judgment was based on several factors unrelated to the crime, such as St. Meyer's interest rate, down payment, and the amount of payments she had made prior to the theft. Appellant and the state agree that the economic loss would be measured by the cost of repairs directly attributable to appellant's conduct, or the diminution in the value of the vehicle resulting from that conduct. Given the state's concession, we sustain appellant's assignment of error and find the trial court erred in its restitution order.

{¶ 7} Accordingly, appellant's single assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for proceedings in accordance with law, consistent with this decision.

*Judgment reversed and cause remanded.*

DORRIAN, P.J., and SADLER, J., concur.

_____